

Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

T. +1.212.262.6900
F. +1.212.977.1649
perkinscoie.com

February 17, 2026

David W. T. Daniels
DDaniels@perkinscoie.com
D. +1.202.654.6364
F. +1.202.624.9549

Hon. Orelia E. Merchant
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Uber Technologies, Inc. v. Wingate, Russotti, Shapiro, Moses & Halperin, LLP, et al.*, **Case No. 1:25-cv-00522-OEM-VMS Supplemental Authority bearing on Defendants' Motions to Dismiss**

Dear Judge Merchant:

Uber Technologies, Inc. ("Uber") respectfully requests that this Court consider two recently decided Court of Appeals decisions as supplemental authority in further support of Uber's Omnibus Brief in Opposition to Defendants' Motions to Dismiss the Amended Complaint (ECF No. 96). *See, e.g., Masiel v. BMW of N. Am., LLC*, No. 20-cv-458, 2021 WL 983013, at *4 (E.D.N.Y. Feb. 22, 2021) ("[I]t is fairly standard practice for parties to occasionally send letters or to otherwise file supplemental authority after briefing is complete.").

***First***, the Second Circuit's recent decision in *GEICO* v. *Patel*, __ F.4th __, No. 24-191, 2026 WL 272486 (2d Cir. Feb. 3, 2026), attached as **Exhibit A**, affirmed the grant of a preliminary injunction staying hundreds of parallel no-fault state court collection actions and arbitrations while a federal civil RICO action proceeds. *Id.* at 2. *Patel* is relevant here for a few reasons.

For one, *Patel* refutes Defendants' claim that comity requires a federal court to defer in favor of state court proceedings with respect to a plaintiff seeking relief authorized by the RICO statute. *See, e.g.*, Wingate Br. 14. Like *State Farm Mutual Automobile Insurance Co.* v. *Tri-Borough NY Medical Practice, P.C.*, 120 F.4th 59 (2d Cir. 2024), *Patel* involved a complex no-fault insurance fraud scheme by which medically unnecessary treatments were provided to patients who were referred in exchange for kickback payments. The Second Circuit did not find that GEICO was required to pursue justice case-by-case or through a consolidated state court proceeding—GEICO's RICO action could proceed because GEICO "sufficiently allege[d] that the massive fraudulent scheme … becomes apparent only when the claims are analyzed together." *Id.* at *9 (quoting *State Farm*, 120 F.4th at 80). The Court of Appeals further explained: "One reviewing arbitrator or state court judge, based on an isolated factual record of

one claim for one patient, might conclude that a certain treatment was medically necessary for that patient. But the district court here, reviewing aggregated [RICO] claims … would be better positioned to reach [a different] conclusion … ." *Id.* at *7. That reasoning supports Uber's argument that Defendants' fraud scheme cannot be fairly assessed case-by-case, and that coordinated relief under RICO is appropriate even if it were true that certain of the underlying state court pattern cases involve "real" injuries as Defendants' claim. *See* Resp. Br. 34; LB&T Br. 7, 33.

***Second***, the Fifth Circuit's recent decision in *Allstate Indemnity Co.* v. *Bhagat*, 164 F.4th 426 (5th Cir. 2026), attached as **Exhibit B**, refutes Defendants' contention that Uber's litigation and settlement decisions sever the chain of proximate cause between the predicate acts of mail fraud and the resulting injurie. *See, e.g.*, Gerling Br. 15-18; LB&T Br. 18-20. The *Allstate* court rejected that argument, *reversing* dismissal of a RICO claim that was predicated on Allstate's payment of settlements resulting from a medical-billing fraud scheme.

*Allstate* explained that the district court "erred by finding [that] settlements were an intervening cause," where the very object of the scheme was to extract inflated payments through fraudulent medical submissions used in claim resolution. 164 F.4th at 434. The court further rejected the district court's conclusion that "proximate cause failed because Allstate still paid the bills after it knew about the fraud"—that district-court finding was improper on a motion to dismiss. *Id.* at 434 n.4. The Court of Appeals also correctly held that reliance is not an element of a RICO mail-fraud claim. *Id.* at 433-434.

Respectfully submitted,

*/s/ David W. T. Daniels*
David W. T. Daniels